UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EUGENE BURCHETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 21-CV-0118-CVE-CDL |
| ) | |
| LUKE PETTIGREW, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner Eugene Burchett, a state inmate appearing pro se, brings this action to challenge the judgment and sentence entered against him in the District Court of Wagoner County, Case No. CF-2014-190. Before the Court is respondent Luke Pettigrew's motion (Dkt. # 6) to dismiss Burchett's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) as an unauthorized second or successive petition. Pettigrew filed a brief (Dkt. # 7) in support of the motion, and Burchett filed a response (Dkt. # 8) opposing the motion. On the record presented and on consideration of the parties' arguments and applicable law, the Court grants Pettigrew's motion and dismisses the petition, without prejudice, for lack of jurisdiction.

**I.     Background**

On May 16, 2014, Burchett pleaded guilty, in the District Court of Wagoner County, Case No. CF-2014-190, to committing nine separate sex offenses. Dkt. # 1, at 1-2; Dkt. # 7-1. The trial court sentenced Burchett to serve 30 years' imprisonment as to counts one through five and to serve 20 years' imprisonment as to counts six through nine, with all sentences to be served concurrently. Dkt. ## 7-1, 7-2.

Burchett timely moved to withdraw his plea and, following a hearing, the trial court denied the motion. Dkt. ## 7-3, 7-4. Represented by counsel, Burchett filed a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA). Dkt. ## 7-5, 7-6. In an opinion filed February 19, 2015, in Case No. C-2014-519, the OCCA denied relief as to all six propositions of error and affirmed Burchett's convictions and sentences. Dkt. # 7-7. Burchett did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1, at 2.

Burchett unsuccessfully sought postconviction relief in state court on several occasions between May 2015 and August 2020. Dkt. # 7, at 8-10. Only one occasion is relevant to this proceeding. On August 3, 2020, Burchett filed a fifth application for postconviction relief in state district court, asserting one claim: that, in light of McGirt v. Oklahoma, 140 S. Ct. 2452 (2020), and Sharp v. Murphy, 140 S. Ct. 2412 (2020), the trial court lacked subject-matter jurisdiction over his criminal prosecution because Burchett is Native American and he committed the crimes for which he was convicted in Indian country. Dkt. # 7-22. The state district court denied relief on September 30, 2020, and the OCCA affirmed the denial of postconviction relief on March 3, 2021. Dkt. ## 7-23, 7-26.

Burchett also sought relief in federal court on two occasions. On January 20, 2016, Burchett filed a petition for writ of habeas corpus, under 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Oklahoma, challenging the constitutional validity of the judgment entered against him in the District Court of Wagoner County, Case No. CF-2014-190. Dkt. # 7-12. On January 29, 2019, that court issued an opinion and order, in Case No. CIV 16-030-RAW-KEW, denying Burchett's petition. Dkt. # 7-19.

Burchett filed the instant § 2254 petition on March 18, 2021, seeking relief from the judgment entered against him in the District Court of Wagoner County, Case No. CF-2014-190, on his claim that the trial court lacked subject-matter jurisdiction over his criminal prosecution in light of McGirt and Murphy. Dkt. # 1, at 4-13.

## II.    Analysis

Pettigrew moves to dismiss the petition, arguing that this Court lacks jurisdiction because the petition is second or successive, within the meaning of 28 U.S.C. § 2244(b), and Burchett did not obtain prior authorization from the United States Court of Appeals for the Tenth Circuit before filing the petition, as required by § 2244(b)(3)(A). Dkt. ## 6, 7. Burchett concedes that he filed a § 2254 petition, in 2016, challenging the same state-court judgment he challenges through the instant petition. Dkt. # 8, at 4. But he objects to Pettigrew's request for dismissal, asserting that his new claim challenges the trial court's subject-matter jurisdiction and thus "can never be waived or forfeited." Dkt. # 8, at 1, 4. He further argues that the Supreme Court's decision in McGirt made the prior opinion and order denying his 2016 petition "null and void[]." Dkt. # 8, at 4.

The Court agrees with Pettigrew that the instant § 2254 petition is an unauthorized second or successive petition and must be dismissed. Under § 2244(b), a federal district court generally must dismiss claims asserted in a second or successive § 2254 petition for writ of habeas corpus. In limited circumstances, the district court may consider claims presented in a second or successive § 2254 petition if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). However, before a state prisoner files a "second or successive" petition in federal district court, raising any claims, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the petition. Id. § 2244(b)(3)(A). If the court of

appeals authorizes the filing of a second or successive petition, then the district court must apply § 2244(b)'s framework to determine whether the individual claims asserted in the petition must be dismissed or may be reviewed under § 2244(b). Case v. Hatch, 731 F.3d 1015, 1026-27 (10th Cir. 2013).

Here, there is no dispute that the instant petition is Burchett's second § 2254 petition. And it is a "second or successive" petition within the meaning of § 2244(b) because it challenges the same state-court judgment Burchett challenged in his prior § 2254 petition. Compare Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) (concluding that, "where . . . there is a 'new judgment intervening between the two habeas petitions,' . . . an application challenging the resulting new judgment is not 'second or successive' at all" (quoting Burton v. Stewart, 549 U.S. 147, 156 (2007))), with Burton, 549 U.S. at 153 (concluding that second-in-time habeas petition was "second or successive" under 28 U.S.C. § 2244(b) because state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court"). Further, while he does assert a claim that he did not raise in his 2016 petition, nothing in the record shows that Burchett obtained authorization from the United States Court of Appeals for the Tenth Circuit before filing the instant petition. And, contrary to Burchett's arguments, there is no exception to § 2244(b)(3)(A)'s pre-authorization requirement for claims that challenge the trial court's subject-matter jurisdiction and the Supreme Court's decision in McGirt did not nullify the 2019 opinion and order denying the 2016 petition.

The Court thus finds that the petition is an unauthorized second or successive petition and that the petition should be dismissed, without prejudice, for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address

the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization.").

The Court recognizes that it has discretion to transfer this matter to the United States Court of Appeals for the Tenth Circuit as an alternative to dismissal. See Cline, 531 F.3d at 1252; 28 U.S.C. § 1631. But, for two reasons, the Court finds dismissal more appropriate. First, as Pettigrew contends, the sole claim that Burchett raises in the instant petition appears to be barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. See Dkt. # 7, at 25-30. The Court therefore agrees with Pettigrew that the failure to transfer this matter will not place Burchett at risk of losing a potentially meritorious claim. See Cline, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate). Second, even assuming Burchett obtains authorization to file a second § 2254 petition he must file that petition in a different judicial district. A state prisoner may file a § 2254 petition either in the judicial district where the prisoner is confined or in the judicial district where the prisoner was convicted. 28 U.S.C. § 2241(d). Burchett is confined in Cleveland County, which is located in the Western District of Oklahoma and he was convicted in Wagoner County, which is located in the Eastern District of Oklahoma. 28 U.S.C. § 116(b), (c). For these reasons, the Court declines to transfer this matter to the United States Court of Appeals for the Tenth Circuit.

In addition, because the Court finds that reasonable jurists would not debate the procedural dismissal of Burchett's unauthorized second or successive petition, the Court declines to issue a certificate of appealability. Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The motion to dismiss (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** as an unauthorized second or successive petition.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 1st day of November, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE